UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RONDA HALVORSON,<br><br>               Plaintiff,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>             Defendant. | 5:18-CV-05032-JLV<br><br>REPORT AND RECOMMENDATION<br><br>DEFENDANT'S MOTION TO<br>DISMISS [DOCKET 7] |

**INTRODUCTION**

This matter is pending before the court on the complaint of Ronda

Halvorson as Special Administrator of the estate of Kenneth Holst, deceased.

See Docket No. 1.  Ms. Halvorson asserts wrongful death and survivorship

claims against the United States based upon allegedly negligent acts and

omissions of the Department of Veteran's Affairs ("VA") and its healthcare

providers (Kassandra Crowser, Darla Benedict, Nicole Streeter, Susan Morris,

and Peter Hasby) acting within the scope of their employment in Sturgis, South

Dakota, for the care provided to Mr. Holst.  Id.

Jurisdiction is premised upon the presence of a federal question

pursuant to 28 U.S.C. § 1331, the Federal Tort Claims Act, 28 U.S.C. § 1346.

Id.  Defendant has moved to dismiss plaintiff's complaint for lack of subject

matter jurisdiction.  See Docket No. 7.

This matter was referred to this magistrate judge pursuant to 28 U.S.C.

§ 636(b)(1)(B) and the January 15, 2019, order of the Honorable Jeffrey L.

Viken, United States District Judge.  The following is this court's recommended disposition.

## FACTS

### A.   Claims Set Forth in the Plaintiff's Complaint

The following factual allegations are taken from the complaint.  See Docket No. 1.  The plaintiff, Ronda Halvorson, a South Dakota resident, is the daughter and duly appointed special administrator of the estate of Kenneth Halvorson, deceased.  Ms. Halvorson and her siblings are the statutory beneficiaries of the wrongful death action pursuant to SDCL § 21-5-5.  The defendant is the United States of America.

Plaintiff brings this action against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 (b), 2671, 2675, et. seq.  The FTCA vests exclusive subject matter jurisdiction of federal tort claims litigation in the federal district court.

Venue is proper in the United States District Court, District of South Dakota, Western Division, pursuant to 28 U.S.C. §§ 1402(b), because the United States is the defendant; plaintiff resides in Meade County, South Dakota; and the acts giving rise to the plaintiff's claims occurred in Meade County South Dakota, which is in the District of South Dakota, Western Division.

Plaintiff was appointed special administrator of Kenneth Holst's estate on May 9, 2017.  Pursuant to 28 U.S.C. § 2675, plaintiff presented her survivorship and wrongful death claims, based upon the allegedly negligent

acts and omissions of the VA, to the defendant.  Said claims were received by the VA Office of Chief Counsel on or about May 17, 2017.  Attached to plaintiff's claim were all the pertinent documents regarding Ms. Halvorson's appointment as special administrator of the estate of Kenneth Holst, demonstrating Ms. Halvorson's authority to act on behalf of Mr. Holst's estate. The VA never addressed plaintiff's claim, thereby effectively denying the claim pursuant to 28 U.S.C. § 2675(a).

Plaintiff alleges that on May 19, 2015, Mr. Holst who was then 84 years old presented to the Fort Meade VA Medical Center in Sturgis, South Dakota, for post-operative care.  Mr. Holst had previously undergone an open reduction and internal fixation of a left intertrochanteric femur facture utilizing a trochanteric fixation nail in March, 2015, at a different medical facility.

Plaintiff alleges that when Mr. Holst entered the VA medical facility on May 19, 2015, he was unable to slide himself forward and needed assistance with all sit-stand transfers.  Plaintiff further alleges Mr. Holst had a high risk of falling and had an assigned rating of 80 on the Morse Fall Scale.

Plaintiff alleges that upon admission to the VA, Mr. Holst was on many medications that cause a patient to be at high risk of falling, including aspirin, fluoxetine, losartan, oxycodone, and tramadol.  On May 19, 2015, Mr. Holst required assistance to use the restroom.  On that date, Mr. Holst fell while in the restroom.  Plaintiff alleges Mr. Holst was not being assisted or monitored appropriately and was not restrained at the time of the fall.

Plaintiff alleges the defendants failed to take appropriate steps to eliminate Mr. Holst's risk of falling, failed to use a gait belt, and failed to request the assistance of additional nursing staff given Mr. Holst's significant risk of falling, including his age, physical condition, his medications, and his history of falls.

Plaintiff alleges that as a result of Mr. Holst's fall, he suffered injury including but not limited to a fractured pelvis. Plaintiff further alleges Mr. Holst's fractured pelvis resulted in Mr. Holst's discharge from the VA hospital being postponed. Mr. Holst thereafter acquired pneumonia during his subsequent treatment at the VA hospital. While he was being treated at the VA hospital, plaintiff visited her father. Plaintiff believed that during her visit, her father became nonresponsive. Plaintiff believed her father was suffering from a "massive stroke" which could have been prevented or mitigated, and informed the defendant and its staff of the same.

Plaintiff alleges defendant failed to test, treat, or alleviate Mr. Holst's stroke symptoms. Plaintiff further alleges that as a result of the May 19, 2015, fall, Mr. Holst decreased his oral intake, endured excruciating pain, became lethargic and confused, and showed advanced atrophy. Plaintiff also alleges that as a result of the May 19, 2015, fall, Mr. Holst was not able to participate in his normal activities or the activities of a person his age, including lifting items over ten pounds, walking more than short distances, or doing tasks without stopping often to rest. Plaintiff alleges Mr. Holst's deteriorated condition also affected his emotional status, causing him to worry about his

inability to function, about dying, and causing him to withdraw and become irritable.  Plaintiff alleges Mr. Holst's fall caused him physical disability which permanently diminished the quality of the remainder of his life and his life expectancy.

Plaintiff's complaint alleges two causes of action:  wrongful death/negligence and survivorship.  Count one of the complaint alleges wrongful death/negligence for the benefit of Mr. Holst's beneficiaries pursuant to SDCL Chapter 21-5.  This count alleges the VA failed to provide adequate care, treatment, and monitoring, failed to secure Mr. Holst, and otherwise failed to prevent Mr. Holst from falling or sustaining injury.  Count one also alleges the defendant failed to follow policies, procedures and guidelines regarding proper treatment of patients, and that as a result of the defendant's negligence, Mr. Holst suffered injury, mental distress, and an untimely and wrongful death.

Count one further alleges that Ms. Halvorson and the other statutory beneficiaries have been deprived of the pecuniary benefits they would have received from Mr. Holst, including but not limited to Mr. Holst's companionship, counseling, guidance, aid, support, education, advice, assistance, protection, all in the sum of $500,000, plus $2,000 for funeral expenses.

In count two (the survivorship claim), plaintiff alleges Mr. Holst endured a great deal of pain and suffering, loss of income and earning capacity, loss of enjoyment of life, discomfort, and ultimately death.  Plaintiff alleges that she,

5

as the special administrator of Mr. Holst's estate, is entitled to recover damages in the amount of $500,000 for the pain, suffering, and discomfort endured by her deceased father.

## B.    Defendant's Motion to Dismiss

After requesting several extensions of time, the Defendant filed a motion to dismiss in lieu of an answer.  Docket 7.  In its motion, the defendant asserts plaintiff has failed to establish the United States has waived its sovereign immunity to suit under the Federal Tort Claims Act (FTCA).  Specifically, the defendant asserts that under the private person analog to the FTCA, the United States receives the same protection that a private person in South Dakota would receive under South Dakota substantive law.

The defendant asserts that medical malpractice claims in South Dakota are limited by a strict two-year statute of repose—measured from the date of the negligent act.  Otherwise, the defendant asserts, claims of medical negligence in South Dakota are absolutely barred.  Because plaintiff's FTCA claim was filed in federal court almost three years from the date of the allegedly negligent act, defendant asserts, the action against the United States should likewise be dismissed based upon South Dakota's two-year statute of repose.

## DISCUSSION

## A.    Standard for Motions to Dismiss for Lack of Jurisdiction

Federal courts are courts of limited jurisdiction–they may adjudicate only those cases within their articulated jurisdiction under Article III of the Constitution or a valid statute enacted pursuant to Article III.  Marbury v.

Madison, 1 Cranch (5 U.S.) 137, 173-80 (1803).  A motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) challenges the court's authority and competence to hear the case pending before it.  5B Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure, § 1350, at 64 (3d ed. 2004); Yankton Sioux Tribe v. United States Army Corps of Engineers, 194 F. Supp. 2d 977, 983 (D.S.D. 2002).  "[I]t is a cardinal rule upheld by countless federal cases that the parties may not create or destroy jurisdiction by agreement or by consent."  5B Fed. Practice & Procedure, § 1350, at 128. The issue of a federal court's subject matter jurisdiction, or lack thereof, is central to the tenets of judicial federalism, the distribution of judicial power between state and federal courts.  Id. at 120-33.

In evaluating a motion to dismiss based on lack of subject matter jurisdiction, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims."  Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990) (quoting Mortensen v. First Fed. Sav. & Loan Ass'n., 549 F.2d 884, 891 (3d Cir. 1977)).  Because what is at issue is the court's power to hear the case at all, courts are "free to weigh the evidence," hold an evidentiary hearing, or consider affidavits and other documents in order to "satisfy itself as to the existence" of jurisdiction.  Id. (quoting Mortensen, 549 F.2d at 891).

When a court elects to look to evidence outside the pleadings, it does not convert the 12(b)(1) motion into a motion for summary judgment.  Deuser v.

Vecera, 139 F.3d 1190, 1191 n.3 (8th Cir. 1998) (citing Osborn, 918 F.2d at

729).  In this way, a Rule 12(b)(1) motion is different from a motion to dismiss

for failure to state a claim under Rule 12(b)(6).  Id.  The party invoking a federal

court's jurisdiction has the burden to show such jurisdiction exists.  Osborn,

918 F.2d at 730.

The United States moves to dismiss Ms. Halvorson's complaint on a

single ground:  lack of subject matter jurisdiction pursuant to Fed. R. Civ. P.

12(b)(1).  Because the only argument the court addresses below is the lack of

subject matter jurisdiction, the court applies the Rule 12(b)(1) standard

discussed above.   In that regard, the court is not required to accept as true the

factual allegations in Ms. Halvorson's complaint and the court will consider the

documents submitted by Ms. Halvorson in resistance to the defendant's

motion to dismiss.

**B.    The Statutes Relevant to the Parties' Claims**

Because the resolution of the defendant's motion involves the interplay of

several statutes--both federal and state--the court reproduces the relevant

portions of those statutes in this section for ease of reference.

**1.    Federal Tort Claims Act (FTCA)**

**28 U.S.C. § 1346. United States as a Defendant.**

(b)(1) Subject to the provisions of chapter 171 of this title, the
district courts, together with the United States District Court for
the District Court of the District of the Canal Zone and the District
Court of the Virgin Islands, shall have the exclusive jurisdiction of
civil actions on claims against the United States, for money
damages, accruing on and after January 1, 1945, for injury or loss
of property, or personal injury or death caused by the negligent or
wrongful act or omission of any employee of the Government while

acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

**28 U.S.C. § 2401. Time for Commencing Action Against the United States.**

(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

**28 U.S.C. § 2674.  Liability of United States.**

The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

If, however, in any case wherein death was caused, the law of the place where the act or omission complained of occurred provides, or has been construed to provide, for damages only punitive in nature, the United States shall be liable for actual or compensatory damages, measured by the pecuniary injuries resulting from such death to the persons respectively, for whose benefit the action was brought, in lieu thereof.

With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled.
***

**28 U.S.C. § 2675.  Disposition by federal agency as prerequisite; evidence.**

(a)  An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall

have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified letter or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

**28 U.S.C. § 2679 Exclusiveness of remedy**.

(b)(1) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his officer or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

**2.     South Dakota Statutes**

**SDCL § 15-2-14.1.  Time for bringing medical malpractice actions-counterclaims—Prospective application.**

An action against a physician, surgeon, dentist, hospital, sanitarium, registered nurse, licensed practical nurse, chiropractor, or other practitioner of the healing arts for malpractice, error, mistake, or failure to cure, whether based upon contract or tort, can be commenced only within two years after the alleged malpractice, error, mistake, or failure to cure shall have occurred, provided, a counterclaim may be pleaded as a defense to any action for services brought by a physician, surgeon, dentist, hospital, sanitarium, registered nurse, licensed practical nurse, chiropractor, or other practitioner of the healing arts after the limitation herein prescribed, notwithstanding it is barred by the provisions of this chapter, if it was the property of the party pleading it at the time it became barred and was not barred at the

time the claim was sued or originated, but no judgment thereon except for costs can be rendered in favor of the party so pleading it.

This section shall be prospective in application only.

**SDCL § 29A-3-109. Statutes of Limitation on decedent's cause of action.**

The running of any statute of limitations on a cause of action belonging to a decedent which has not been barred as of the date of death is suspended for one year following the decedent's death but resumes thereafter unless otherwise tolled.

## C.    South Dakota Medical Malpractice Law

The South Dakota Supreme Court has interpreted SDCL § 15-2-14.1 to be an absolute two-year bar on bringing a medical malpractice claim against a healthcare professional.  Pitt-Hart v.  Sanford USD Medical Center, 878 N.W.2d 406, 412-13 (S.D. 2016).  In Pitt-Hart, the South Dakota Supreme Court emphatically stated that SDCL § 15-2-14.1 is a statute of repose, not a statute of limitation.  Id. at 413.  The court explained the difference:  a statute of limitation creates a time limit for suing in a civil case based upon the date the cause of action accrued, while a statute of repose is measured not from the date the claim accrued, but from the date of the last culpable act or omission of the defendant.  Id.  The court recognized that though it had sometimes mistakenly referred to SDCL § 15-2-14.1 as a statute of limitation, it had always treated the statute as one of repose.  Id. (citing Beckel v. Gerber, 578 N.W.2d 574, 576 (S.D. 1998)).

In Pitt-Hart, the South Dakota Supreme Court explained an important difference between statutes of limitation and statutes of repose:  unlike a statute of limitation, a repose period is fixed, and its expiration will not be

delayed by tolling for *any* reason.  Id.  The reason for this critical distinction, the court explained, lies in the different policy objectives underlying both types of statutes.  Id. at 414.  Statutes of limitation require plaintiffs to diligently pursue prosecution of known claims.  Id. (citing CTS Corp. v. Waldburger, 573 U.S. 1, 8 (2014)).  Therefore, when an extraordinary circumstance prevents a plaintiff from bringing a timely action, the restriction imposed by the statute of limitation does not further the purpose for the statute.  Pitt-Hart, 878 N.W.2d at 414 (citing CTS Corp., 573 U.S. at 10).

Statutes of repose, on the other hand, reflect a legislative judgment that a defendant should be free from liability after a legislatively determined period of time.  Id.  Statutes of repose are based on legislative consideration of the economic best interest of the public as a whole.  Id.  Statutes of repose are substantive grants of immunity based on a balance of the respective rights of plaintiffs and defendants by determining a time limit beyond which liability no longer exists.  Id. (citing First United Methodist Church of Hyattsville v. U.S. Gypsum Co., 882 F.2d 862, 866 (4th Cir. 1989).  Therefore, the court explained, principles of tolling and estoppel, while applicable to statutes of limitation, are not applicable to statutes of repose.  Id.

This principle of law was illustrated in Peterson v. Burns, 635 N.W.2d 556 (S.D. 2001).  In that case, the plaintiff, Ruby Peterson, was the administrator of the estate of Edward Peterson.  Ruby alleged Edward was the victim of medical malpractice, which ultimately led to Edward's death.  Id. at 560, 567.  Ruby sued the attorneys who failed to bring a medical malpractice

12

action in time before the two-year statute of repose (SDCL § 15-2-14.1) expired. Id. at 560. The attorneys urged that because Edward's death was caused by medical malpractice, the three-year wrongful death statute of limitations (SDCL § 21-5-3) extended or supplanted SDCL § 15-2-14.1. Id. at 568.

The South Dakota Supreme Court rejected this argument, finding the shorter, two-year medical malpractice statute of repose applied. Id. at 568-69. After an extensive discussion about South Dakota's legislative history and policy of protecting medical practitioners from the uncertainty of prolonged exposure to the possibility of malpractice claims (id. at pp. 569-71), the court proclaimed that, as a matter of "clear public policy" the South Dakota legislature had diligently maintained special considerations to medical practioners to make SDCL § 15-2-14.1 a statute of repose. Id. at 571. The court declared it would not deviate from the legislative policy. Id.

The court recognized the time to bring suit under SDCL § 15-2-14.1 does not begin to run where there is continuing treatment.[1] Id. at 571. But the

---

[1] In Pitt-Hart the South Dakota Supreme Court reversed course as to the applicability of the continuous treatment doctrine to the statute of repose. Pitt-Hart, 878 N.W.2d at 415. The court clarified that the continuous treatment doctrine applied to a statute of limitation, but not a statute of repose. Id. It further explained that, while the continuing treatment doctrine did not apply to a statute of repose, the continuing tort doctrine did. In other words, the statute of repose does not begin to run until the date of the last negligent act which was a part of continuous and unbroken course of negligent treatment, where such treatment was so related as to constitute one continuing wrong. Id.

In this case, though plaintiff's complaint asserts Mr. Halvorson's release from the VA was delayed by his fall, the complaint does not specify when Mr. Halvorson was released from the VA, nor does plaintiff allege in her complaint or her opposing brief that the continuing tort doctrine applies to extend South Dakota's two-year statute of repose. Plaintiff's complaint does

13

court explained that SDCL § 15-2-14.1 is not tolled by the discovery rule, nor is it equitably tolled by filing in the wrong court.  Id.

The court concluded that when medical malpractice resulted in death, the two-year medical malpractice statute of repose contained within SDCL § 15-2-14.1 rather than the three-year statute of limitation found at SDCL § 21-5-3 (wrongful death) applied.  Id. at 568.  This is because the legislature intended for the statute of repose contained within SDCL § 15-2-14.1 to apply to *all* consequences of medical malpractice, including injury *and* death.  Id.

In the Peterson case, Ruby also argued SDCL § 29A-3-109 suspended the running of SDCL § 15-2-14.1 as it pertained to her claim for the wrongful death of Edward.  Id.  But the South Dakota Supreme Court rejected that argument as well.  The court explained:

> This statute [SDCL § 29A-3-109] only applies to a claim by the *decedent*.  This statute does not apply to the wrongful death action because it belongs to the statutory beneficiaries, not the decedent, and therefore does not extend to the statute of limitations on the wrongful death claim.

Id. at 571-72 (emphasis added).

## D.    The Parties' Positions

The defendant moves to dismiss Ms. Halvorson's complaint based upon its assertion that the application of relevant federal and state law leads to the conclusion this court has no jurisdiction.  The defendant concedes

---

not specify a date for any allegedly negligent act by the United States or its employees other than Mr. Halvorson's May 19, 2015, fall.  The court therefore does not address the continuing tort doctrine.  Plaintiff instead asserts SDCL § 15-2-14.1 is pre-empted by the FTCA or extended by SDCL § 29A-3-109.

Ms. Halvorson timely filed her administrative claim with VA within the two-year FTCA statute of limitations pursuant to 28 U.S.C. § 2401(b).  But it argues it Ms. Halvorson's claim is nevertheless barred because, pursuant to 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2674 and SDCL § 15-2-14.1, a private person under like circumstances would not be liable under the law of South Dakota because the negligent act alleged by Ms. Halvorson occurred on May 19, 2015, and she did not file her lawsuit in *federal court* until nearly three years later—on May 10, 2018.  By that time, the defendant argues, under the substantive law of South Dakota liability no longer existed.  Pitt-Hart, 878 N.W.2d at 414.

Ms. Halvorson counters that even though her federal lawsuit was not filed with the district court within two years of the allegedly negligent act, her FTCA claim was administratively filed with the VA in a timely manner pursuant to 28 U.S.C. § 2401(b) *and* within the time provided by SDCL § 15-2-14.1. This, Ms. Halvorson, argues, gives the court jurisdiction.  Ms. Halvorson further posits that because there is an irreconcilable conflict between 28 U.S.C. § 2675 and South Dakota's statute of repose (SDCL § 15-2-14.1) South Dakota's statute of repose is pre-empted by the federal law and is inapplicable.

## E.    The Plaintiff's Complaint Must Be Dismissed For Lack of Jurisdiction

For the reasons explained below, the court concludes jurisdiction is lacking and this court should dismiss Ms. Halvorson's claims.

### 1.    Sovereign Immunity and the FTCA

As a general rule, the United States government is immune from suit unless it consents to being sued.  Hart v. United States, 630 F.3d 1085, 1088

(8th Cir. 2011).  Congress waived the sovereign immunity of the United States by enacting the FTCA, under which the federal government is liable for certain torts committed by its agents while acting in the scope of their employment. Id.

The United States, however, remains immune if an exception to the FTCA applies.  Id.  Where the United States has not waived immunity under the FTCA, the district court lacks subject matter jurisdiction to hear the case.  Id. A court has a special obligation to consider whether it has subject matter jurisdiction in every case.  Id. at 1089.  The plaintiff carries the burden to show that jurisdiction exists.  VS Partnership v. HUD, 235 F.3d 1109, 1112 (8th Cir. 2000).

> **2.    The FTCA Mandates Compliance With Its Own Procedural Requirements, but Incorporates the Substantive Law of the Forum State**

The terms of the FTCA provide that it is the exclusive remedy for a plaintiff seeking to bring a tort claim for injury or damages caused by the United States or one of its employees while acting within the scope of their employment.  28 U.S.C. § 1346(b); 28 U.S.C. § 2679(b).  The FTCA provides a mechanism for recovery when injury is caused by the negligence of the United States or its employee, "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1); 28 U.S.C.  § 2674.

The result is that, "[a]lthough state substantive law establishes and defines a claim under the FTCA, federal law defines the limitations period and

determines when the claim accrues." <u>Allen v. United States</u>, 2017 WL 1355492 at *2 (E.D. Mo., Apr. 13, 2017) (citing <u>Reilly v. United States</u>, 513 F.2d 147 (8th Cir. 1975); <u>Miller v. United States</u>, 932 F.2d 301, 303 (4th Cir. 1991)). <u>See also</u>, <u>Mader v. United States</u>, 654 F.3d 794, 797 (8th Cir. 2011) (the extent of the United States' liability under the FTCA is generally determined by reference to state law).

Though the forum state defines the United States' liability under the FTCA, federal law is not displaced in terms of the procedural requirements to bring the FTCA claim. In other words, the plaintiff must comply with the presentment and time requirements found in 28 U.S.C. § 2401(b) and 28 U.S.C. § 2675. In <u>Augutis v. United States</u>, 732 F.3d 749, 752 (7th Cir. 2013), the Seventh Circuit succinctly summarized the FTCA procedural requirements this way:

> In order to take advantage of the FTCA's limited waiver of sovereign immunity, a claimant must present his claims to the appropriate agency within two years of the date that the claims accrue. 28 U.S.C. § 2401(b). If the agency fails to make a final disposition within six months, the claim is deemed denied and the claimant may file in federal court. 28 U.S.C. § 2675(a). Alternatively, the claimant can give the agency more time to resolve the claim; if the claim is eventually denied, the claimant has another six months to file a lawsuit. 28 U.S.C. § 2401(b).

<u>Augutis</u>, 732 F.3d at 752. The <u>Augutis</u> court went on to explain that the FTCA claimant must not only be cognizant of the FTCA procedural requirements, however, but also the substantive law of the forum state:

> A claimant who clears [the FTCA procedural hurdles] is not automatically free to recover under the FTCA, however. That is because the FTCA's jurisdictional grant only covers circumstances where the United States, if a private person, would be liable to the

17

claimant in accordance with the law of the place where the act or omission occurred. Put another way, the FTCA incorporates the substantive law of the state where the tortious act or omission occurred.

Id. (cleaned up).

### 3.    SDCL § 15-2-14.1 (South Dakota's Statute of Repose) is Substantive, Not Procedural

As explained in Section C of this opinion, above, the South Dakota Supreme Court has made it abundantly clear that SDCL § 15-2-14.1 is a statute of repose, not a statute of limitation. This difference is important, because statutes of repose are substantive law which by the terms of the FTCA must be incorporated, while statutes of limitation are procedural, which give way to the FTCA procedural requirements.

Statutes of limitation and statutes of repose have been described as "close cousins." Augutis, 732 F.3d at 752. But a statute of limitation is a procedural device "whose running simply bars suit." Id. A statute of repose, however, is substantive, because it "extinguishes any right to bring any type of cause of action against a party, regardless of whether such action has accrued." Id. The Augutis court explained the difference in the same way as did the South Dakota Supreme Court: the policy reasons behind the two are different—a statute of repose is aimed toward terminating the possibility of liability after a defined period of time regardless of a potential plaintiff's lack of knowledge. Id. See also Smith v. United States, 430 Fed. Appx. 246 (5th Cir. 2011) (applying Texas law, holding Texas statute is a statute of repose "which unlike a statute of limitation creates a substantive right to be free from liability

18

after the specified time); <u>Huddleston v. United States</u>, 485 Fed. Appx. 744, 745-46 (6th Cir. 2012) (describing Tennessee's statute of repose as a "substantive requirement, not just a procedural hurdle.").

In <u>Simmons v. United States</u>, 421 F.3d 1199, 1200 (11th Cir. 2005), the court endeavored to determine whether Georgia's five year statute of repose for medical malpractice actions should be extended (tolled) by its unrepresented estate statute. <u>Id.</u> The court certified the question to the Georgia Supreme Court, which answered the question in the negative. <u>Id.</u> The Eleventh Circuit adopted the Georgia Supreme Court's reasoning for refusing to toll Georgia's statute of repose: <u>Id.</u> A statute of repose is an "unyielding" barrier to a plaintiff's right of action. It is absolute, while a statute of limitation is contingent. The statute of repose destroys the previously existing rights so that, on the period, the cause of action no longer exists. <u>Id.</u> The court went further and explained that by definition a statute of repose cannot be tolled because unlike statutes of limitation, statutes of repose may not be tolled for any reason as tolling would deprive the defendant of the certainty of the repose deadline and defeat the very purpose of a statute of repose. <u>Id.</u> at 1201.

In <u>CTS Corp.</u>, the respondents, as do the plaintiffs in this case, urged the federal statute displaced not only the state procedural rules (statutes of limitation) but also the state substantive law (statutes of repose). <u>CTS Corp.</u>, 573 U.S. at 12.[2]  As a preface to its decision of the preemption issue, the Court

---

[2] In <u>CTS Corp.</u> the respondents were North Carolina landowners who urged the North Carolina state statute of repose was preempted both by the explicit words of the federal statute and because allowing the implementation of North

undertook an extensive discussion of the similarities and differences between the two rules.  Id. at 13-16.  The Court acknowledged that generally, the use of the terms "statute of limitations" and "statute of repose" had been far from precise.  Id. at 14-15.  The Court noted, however, that it was clear that the purposes for the two were not the same.  Id. at 8-9.  The Court distinguished a statute of repose from a statute of limitation by noting that a statute of repose is not related to the accrual of the cause of action.  Id.  at 14-15.  Instead, a statute of repose mandates that there shall be no cause of action beyond a certain point, even if no cause of action has yet accrued.  Id.  Thus, the Court explained, a statute of repose can prevent a cause of action from coming into existence in the first place.  Id.  In other words, if the action is not brought within the specified time period, the plaintiff literally has no cause of action.  Id.  Therefore, the Court continued, because statutes of repose held a purpose distinct from statutes of limitation,  the definition of "applicable limitations period" within § 9658 encompassed only statutes of limitation, and not statutes of repose.  Id. at 17.

The Court also explained that § 9658 provided equitable tolling for minor or incompetent plaintiffs.  Id.  But one of the critical distinctions between statutes of limitation and statutes of repose is that a statute of repose is fixed and its expiration is *not* delayed by estoppel or tolling.  Id.  As such, it would not make sense for § 9658 to apply to statutes of repose.  Id.

---

Carolina's statute of repose conflicted with the very purpose of CERCLA. CTS Corp., 573 U.S. at 12, 17-18.

The Court further explained the different purposes behind the two types of statutes, and the importance of not conflating the two:

> Although there is substantial overlap between the policies of the two types of statute, each has a distinct purpose and each is targeted at a different actor.  Statutes of limitations require plaintiffs to pursue diligent prosecution of known claims.  Statutes of limitations promote justice by preventing surprises through plaintiff's revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.
>
> Statutes of repose also encourage plaintiffs to bring actions in a timely manner, and for many of the same reasons.  But the rationale has a different emphasis.  Statutes of repose effect a legislative judgment that a defendant should be free from liability after the legislatively determined period of time.  Statutes of repose reflect legislative decisions that as a matter of policy there should be a specific time beyond which a defendant should no longer be subjected to protracted liability.  Like a discharge in bankruptcy, a statute of repose can be said to provide a fresh start or freedom from liability.  Indeed, the double jeopardy clause has been described as a statute of repose because it in part embodies the idea that at some point a defendant should be able to put past events behind him.

CTS Corp., 573 U.S. at 8-9 (cleaned up).

Returning to South Dakota's statute, there can be no serious question remaining that SDCL § 15-2-14.1 is a statute of repose.  Pitt-Hart, 878 N.W.2d at 413. ("Peterson correctly held that SDCL § 15-2-14.1 is properly considered a statute of repose and not one of limitation.").  As such, it constitutes substantive law of the forum (South Dakota) which, under the FTCA, must be incorporated pursuant to 28 U.S.C. §§ 1346(b)(1) and 2674 to determine whether, if a private person, the United States would be liable to the plaintiff.

**4.    Defendant's Liability Would Be Extinguished Under South Dakota Law**

Part of the FTCA provides that the United States is liable for the acts or omissions of its employees while acting within the scope of employment "under the circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." See 28 U.S.C. § 1346(b)(1).    This portion of the FTCA has been interpreted to import the substantive law of the state in which the FTCA claim is pending.  Sorace v. United States, 788 F.3d 758, 763 (8th Cir. 2015); FDIC v. Meyer, 510 U.S. 471, 478 (1994).    Therefore, if plaintiff would have no valid medical malpractice claim in South Dakota, plaintiff would likewise have no valid FTCA claim which is based upon an allegation of medical malpractice in federal district court.

This is so because the FTCA, in and of itself, "does not create liability, it merely waives sovereign immunity to the extent that state-law would impose liability on a private individual in similar circumstances." Huddleston v. United States, 485 Fed. Appx. 744, 745 (6th Cir. 2012) (cleaned up) (explaining that courts applying the FTCA look to the substantive tort law of the forum state to determine liability and damages).

In this case, the act of medical negligence (allowing Mr. Halvorson to fall at the VA Hospital) which plaintiff asserts caused Mr. Halvorson's injury occurred on May 19, 2015.  Pursuant to Pitt-Hart and Peterson --whether the consequence of this allegedly negligent act was injury to Mr. Halvorson or Mr. Halvorson's death—liability did not exist against the defendant unless suit

was filed by May 19, 2017.  Pitt-Hart, 878 N.W.2d at 412; Peterson, 635
N.W.2d at 568.

    This lawsuit was not filed in federal court until May 10, 2018.  See
Docket 1.  By that date, pursuant to SDCL § 15-2-14.1, South Dakota had
granted the defendants a "substantive grant of immunity" because according to
South Dakota law, liability for their actions "no longer exist[ed]."  Pitt-Hart, 878
N.W.2d at 414.

### 5.   South Dakota's Statute of Repose is Not Extended by SDCL § 29A-3-109, Nor Preempted by 28 U.S.C. § 2675

    In her brief opposing the defendant's motion to dismiss, plaintiff asserts
SDCL § 29A-3-109 works to extend South Dakota's statute of repose by one
year from June 3, 2016, the date of Mr. Halvorson's death.  That argument,
however, was considered and soundly rejected by the South Dakota Supreme
Court in Peterson.  See Peterson, 635 N.W.2d at 571.  The court explained that
SDCL § 29A-3-109 only applies to causes of action which belong to the
decedent, and wrongful death causes of action belong to the statutory
beneficiaries.  Id.

    The survivorship cause of action in this lawsuit belonged to
Mr. Halvorson, but in Pitt-Hart the court explained that South Dakota's two-
year statute of repose-- unlike a statute of limitation-- is not subject to tolling
for *any* reason.  Pitt-Hart, 878 N.W.2d at 414.  Furthermore, SDCL § 29A-3-
109 by its terms applies only to statutes of limitation.  See  SDCL § 29A-3-109,
(stating "the running of any *statute of limitations* on a cause of action . . .")
(emphasis added).  Pursuant to Pitt-Hart, while SDCL § 29A-3-109 may have

tolled the statute of limitations for Mr. Halvorson's survival cause of action based upon personal injury arising out of an automobile accident or a slip and fall at the post office, for example, (SDCL § 15-2-14(3)) it would not toll SDCL § 15-2-14.1, the statute of *repose* for his survival action based upon personal injury or death arising out of medical negligence.

Plaintiff also asserts the South Dakota statute of repose should be pre-empted by the FTCA's procedural requirements, and that because plaintiff complied with the FTCA's procedural requirements, this court has jurisdiction over her claim. This is especially true, the plaintiff asserts, because though she did not file her lawsuit in federal court within the time prescribed by South Dakota's statute of repose (SDCL § 15-2-14.1) she did file her claim administratively with the VA within the time prescribed by SDCL § 15-2-14.1.

States are independent sovereigns in the federal system, and the United States Supreme Court has declared the powers of the states are "not to be superseded by  . . . Federal act unless that was the clear and manifest purpose of Congress." Medtronic, Inc. v. Lohr, 518 U.S. 470, 485 (1996). And, "when the text of a preemption clause is susceptible to more than one reading, courts ordinarily accept the reading that disfavors preemption." Altria Group, Inc. v. Good, 555 U.S. 70, 77 (2008).

As explained above, in CTS Corp., the respondent landowners in that case urged that North Carolina's statute of repose was preempted by a portion of the Comprehensive Environmental Response Compensation and Liability Act (CERCLA). The section of CERCLA in question (42 U.S.C. § 9658) is a portion

of the statute which explains how the procedural requirements of CERCLA intersect with state law statutes of limitation.  Id.  Specifically, § 9658 provides in relevant part that if the applicable state statute of limitation provides a commencement date that is earlier than the date required by CERCLA, such period shall commence at the federally required date in lieu of the date required by the state statute.  See 42 U.S.C. § 9658(a)(1).

The United States Supreme Court held, however, that § 9658 preempted only state statutes of *limitation*, not statutes of *repose*.  Id. at 17.  Justice Kennedy observed that adopting the landowner's interpretation of the federal statute would mean that state statutes of repose would "cease to serve any real function."  Id. at 20.

The court should not presume Congress intended to supplant state law, but federal legislation may preempt state law by: (1) express provision; (2) implication; or (3) a conflict between state and federal law.  Augutis, 732 F.3d at 753 (cleaned up).  In CTS Corp., the plaintiffs asserted the federal statute should preempt the state statute of repose for the same reason as do the plaintiffs in this case—because they alleged the state statute of repose conflicted with the federal statute by presenting an unacceptable obstacle to the Congressional objective of the federal statute itself.  CTS Corp., 573 U.S. at 17-18.  In CTS Corp. the plaintiffs asserted that objective was allowing plaintiffs to bring their tort actions for harm caused by toxic contaminants.  Id. The plaintiffs also argued that, because the federally prescribed statute of limitations contained a "discovery" provision (i.e. it began to run when the

25

plaintiff discovered his injury) allowing a state statute of repose to defeat that objective would conflict with the purpose of CERCLA. But the Court rejected this argument:

> CERCLA, it must be remembered, does not provide a complete remedial framework. The statute does not provide a general cause of action for all harm caused by toxic contaminants. Section 9658 leaves untouched States' judgments about causes of action, the scope of liability, the duration of the period provided by statutes of limitations, burdens of proof, rules of evidence, and other important rules governing civil actions. The case for federal preemption is particularly weak where Congress has indicated its awareness of the operation of state law in a field of federal interest and has nonetheless decided to stand by both concepts and to tolerate whatever tension there is between them. Respondents have not shown that in light of Congress' decision to leave those many areas of state law untouched, statutes of repose pose an unacceptable obstacle to the attainment of CERCLA's purpose.

CTS Corp., 573 U.S. at 18.

Though both parties have done an admirable job of briefing the subject, there is not a lot of law from the federal courts of appeal on the preemption issue as it pertains to the FTCA and statutes of repose, and none from the Eighth Circuit. Plaintiff relies primarily upon Judge White's concurring opinion in Kennedy v. United States, 526 Fed. Appx. 450, 456-459 (6th Cir. 2013), and a bevy of district court cases from jurisdictions other than South Dakota. Defendant relies primarily upon Augutis from the Seventh Circuit.

The court has carefully studied the cases cited by the parties and finds Augutis more persuasive than Kennedy and the district court cases cited by the plaintiffs for two reasons. First, though CTS Corp. did not involve the FTCA, the Court's general discussion about the different purposes for statutes of

limitation and statutes of repose is equally applicable to this case, and to the FTCA.

The landowners in <u>CTS Corp.</u> made the same argument as the plaintiffs do in this case—that allowing the state statute of repose to extinguish their claim before the federal statute of limitation expired would defeat the very purpose of Congressional intent.  But the Supreme Court was unmoved. Congress, in enacting CERCLA, had indicated its awareness of the operation of state law in the field of federal interest, and nevertheless decided to "stand by both concepts and tolerate whatever tension there is between them."  <u>CTS Corp.</u>, 573 U.S. at 18.

Congress, when it enacted the § 1346 of the FTCA, *explicitly* indicated the *substantive* law of the forum state must be applied to determine whether a plaintiff may pursue a tort claim against the federal government.  In other words, Congress made the very same judgment call to which the <u>CTS Corp.</u> Court referred.  Sometimes, state statutes of repose will be in tension with the procedural requirements of the FTCA and will *substantively* bar a claim that would otherwise be *procedurally* allowed under the FTCA.

The <u>Augutis</u> case, relied upon by the defendant, rejected the implied preemption argument because "to the contrary [the FTCA] expressly incorporates [state law].  <u>Augutis</u>, 732 F.3d at 754.  The <u>Augutis</u> court also rejected the plaintiff's claim that the state statute of repose should be preempted because compliance with both state and federal law was impossible. <u>Id.</u>  The court noted it would have been possible to comply with both regimes,

but the plaintiff simply waited too long for the agency to respond to his claim. As such, Mr. Augutis "allowed the statute of repose's four-year clock to expire, extinguishing his nascent claim." Id.

In this instance, plaintiffs concede compliance with both state and federal law was likewise possible. The FTCA statute of limitation and the South Dakota statute of repose are both two years, and the FTCA also contains a mandatory six month administrative "waiting period" after administrative filing during which no federal lawsuit may be filed to allow agency evaluation of the claim. Compliance with both regimes is by no means easy—and requires a FTCA claimant to plan ahead--but it is possible.[3]

Second, Judge White's concurrence in Kennedy, along with the district court cases cited in the plaintiff's brief, are premised on the supposition that the six month resolution period dictated by the procedural mechanisms outlined in 28 U.S.C. § 2675 signify Congress' intent that such procedure is so important to the objective of the statute as a whole that it should displace any substantive state statute of repose with which it might conflict. This court cannot agree with such a supposition in light of the FTCA's explicit decision to incorporate state substantive law and the Supreme Court's admonition in CTS Corp. to the contrary in response to the similar argument in that case.

---

[3] For example, a South Dakota FTCA claimant could meet all the applicable deadlines by administratively filing her FTCA claim at the one year, fourteen month or sixteen-month mark after the allegedly negligent act occurred. The claim could percolate for six months within the agency before being "deemed denied" pursuant to 28 U.S.C. § 2675. The claimant would thereafter have time file suit in federal court before South Dakota's two-year statute of repose resulted in her cause of action being extinguished under South Dakota law.

"The Tort Claims Act was designed primarily to remove the sovereign immunity from suits in tort and, with certain specific exceptions, to render the government liable in tort as a private individual would be under like circumstances." Richards v. United States, 369 U.S. 1, 6 (1962).   In her brief, the plaintiff cites extensively to the legislatively history for the 1966 amendments to the FTCA, which added the § 2675 requirement for administrative filing and a six month "waiting period" during which the relevant agency has the opportunity to try to reach a settlement with the claimant before the claimant may, at her option, file suit.  The 1966 amendments, however, did not alter the purpose of the FTCA (a limited waiver of sovereign immunity for torts committed by federal employees acting in the scope of employment), nor did they "make agencies the ultimate or preferred arbiters of federal tort claims, rather only the initial ones." Douglas v. United States, 658 F.2d 445, 447 (6th Cir. 1981).

The FTCA contains its own statute of limitation and procedural framework, compliance with which is required in order to achieve the statute's objective of a limited waiver of immunity for purposes of the ability to sue the federal government for the negligent acts of its employees.  The FTCA allows this limited waiver for all sorts of negligence claims—from car crashes, to slip and falls on the post office steps, to medical malpractice actions at the VA hospital.  But the FTCA purposely "leaves untouched" the state's collective judgment about causes of action, the scope of liability, burdens of proof, rules of evidence, and other important rules governing those civil actions.  Surely

29

when Congress passed the FTCA it must have known there would be tension between its procedural scheme and the statutes of repose enacted by many of the states whose substantive law it purposely incorporated.

One of the cases cited by the plaintiff in this case is a prime example of the perverse result that preemption of state statues of repose could cause, and the faulty reasoning upon which the cases that favor preemption are based.  In AJJT v. United States, 2016 WL 3406138 at *1 (M.D. Tenn., June 21, 2016), the claimant alleged negligent injury at an Army medical facility on January 10, 2005.  He timely submitted his administrative claim pursuant to the FTCA in January, 2007.  Tennessee's medical statute of repose is three years, so his claim was administratively submitted within the state statute of repose as well. Id.  Thereafter, the government agency failed to finally deny the claim for over **eight years**—until April of 2015—at which time the claimant filed suit in district court.  Id.

The result, therefore, was that the lawsuit was filed over seven years after the state statute of repose extinguished the claimant's cause of action under state law.  The AJJT court reasoned there was no harm done, however, because the claimant filed the administrative claim within the time specified in the state's statute of repose.  That filing, the court reasoned, "meets the policy behind such limitation provisions [referring to the state statue of repose], which is to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared."  Id.

30

The AJJT court, like many others, clearly conflated the policy reasons behind statutes of *limitation* and statutes of *repose*. The policy reasons articulated by the AJJT court are the policy reasons supporting the statute of *limitation*. See CTS Corp., 573 U.S. at 8-9. The policy reasons behind a statute of *repose*, it must be remembered, are to provide a "specific time beyond which a defendant should no longer be subjected to protracted *liability*." CTS Corp., 573 U.S. at 9.

By allowing preemption, the AJJT defendant's potential liability dragged on for seven years (and probably longer, because the lawsuit was only filed, not necessarily resolved, in 2015) after the state statute of repose would have completely extinguished its liability. The purpose of the statute of *repose,* therefore, was completely defeated. This cannot have been the intent of Congress when, in crafting the FTCA, it specifically incorporated the substantive law of the forum—including the state statute of repose.

This court acknowledges there is tension between the procedural framework of the FTCA and South Dakota's medical malpractice statute of repose. Nonetheless, Congress "decided to stand by both concepts and to tolerate whatever tension there is between them." CTS Corp., 573 U.S. at 18. This court finds the FTCA does not preempt South Dakota's two-year statute of repose, SDCL § 15-2-14.1. Therefore, because plaintiff did not file suit until nearly three years after the alleged act of medical negligence occurred, the district court has no jurisdiction to entertain this proceeding pursuant to 28 U.S.C. § 1346(b)(1).

31

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge hereby RECOMMENDS that the defendant's motion to dismiss [Docket No. 7] be GRANTED.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 13th day of February, 2019.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge

32