UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RONDA HALVORSON, as Special Administrator of the Estate of KENNETH HOLST, Deceased, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CIV. 18-5032-JLV <br><br> ORDER |

## INTRODUCTION

This case stems from decedent Kenneth Holst's alleged wrongful death. Plaintiff Ronda Halvorson brought suit under the Federal Tort Claims Act ("FTCA"), alleging decedent's death was caused by employee negligence at the Department of Veterans Affairs ("VA") Fort Meade hospital in Sturgis, South Dakota. (Docket 1 at ¶¶ 31-39). As defendant, the United States moves to dismiss plaintiff's complaint on the grounds it was filed untimely, resulting in a lapse of the FTCA's waiver of sovereign immunity. (Docket 7). Plaintiff resists the motion. (Docket 16).

The court referred the pending motion to Magistrate Judge Veronica L. Duffy pursuant to the court's standing order of October 16, 2014, and 28 U.S.C. § 636(b)(1) for a report and recommendation ("R&R"). (Docket 21). The magistrate judge issued an R&R concluding defendant's motion to dismiss should be granted. (Docket 22). Plaintiff timely objected to the R&R and

defendant responded to the objections.   (Dockets 23 & 24).   Under the Federal Magistrate Act, 28 U.S.C. § 636(b)(1), if a party files written objections to the magistrate judge's proposed findings and recommendations, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.   The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."   Id.   For the reasons given below, the court overrules plaintiff's objections in part and sustains them in part. The court denies defendant's motion to dismiss.

## ANALYSIS

### I.   Facts

Neither party objected to the magistrate judge's factual findings. (Dockets 23 at p. 1 & 24 at p. 2).   The court accordingly adopts the facts recited by the magistrate judge.   (Docket 22 at pp. 2-6).   For the purposes of resolving plaintiff's objections to the R&R, the court need only recite a few key facts.

On May 19, 2015—when he was 84 years old—decedent went to the Fort Meade VA hospital for post-operative care.   Id. at p. 3.   On that day, he fell while in the hospital and fractured his pelvis.   Id. at pp. 3-4.   Plaintiff alleges the VA's negligence caused the fall and resulted in further injury, including pneumonia and a stroke.   Id. at p. 4.   This negligence shortened decedent's life span and caused his "untimely and wrongful death[.]"   Id. at pp. 4-5; Docket 1 at ¶ 35.   Decedent died on June 3, 2016.   (Docket 17).

Plaintiff was appointed special administrator of decedent's estate on May 9, 2017. (Docket 1 at ¶ 8). She presented her claim to the VA for administrative adjudication on May 17. Id. at ¶ 10. The six-month mark after plaintiff filed her administrative claim passed on November 17.[1] Plaintiff filed the present case with this court on May 10, 2018. (Docket 1).

## II.    Plaintiff's Objections

Plaintiff objects to two of the magistrate judge's legal conclusions. As summarized by the court, the objections argue:

1.    The two-year limit for medical malpractice claims imposed by a South Dakota statute of repose, SDCL § 15-2-14.1, was tolled by an extender statute, SDCL § 29A-3-109. (Docket 23 at pp. 2-4).

2.    The FTCA's timing provisions preempt the South Dakota statute of repose. Id. at pp. 4-8.

The court will examine each objection in turn.

## III.    Discussion

### A.    Legal standards

#### 1.    Rule 12(b)(1)

Defendant argues the court lacks subject matter jurisdiction over plaintiff's FTCA claim. (Docket 7). Under Federal Rule of Civil Procedure 12(b)(1), a defendant has the right to challenge the "lack of subject-matter jurisdiction . . . ." Fed. R. Civ. P. 12(b)(1). While considering a Rule 12(b)(1)

---

[1]The six-month mark is relevant because "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim[.]" 28 U.S.C. § 2675(a).

motion to dismiss for lack of subject matter jurisdiction, the court must "accept all factual allegations in the pleadings as true and view them in the light most favorable to the nonmoving party." Great Rivers Habitat All. v. Fed. Emergency Mgmt. Agency, 615 F.3d 985, 988 (8th Cir. 2010). The court "has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1). . . . This does not . . . convert the 12(b)(1) motion to one for summary judgment." Harris v. P.A.M. Transp., Inc., 339 F.3d 635, 638 (8th Cir. 2003). "The burden of proving federal court jurisdiction is on the party seeking to invoke federal jurisdiction." Mitchael v. Colvin, 809 F.3d 1050, 1053 (8th Cir. 2016) (citing Great Rivers, 615 F.3d at 988).

## 2.  FTCA

"The United States is immune from suit unless it consents. Congress waived the sovereign immunity of the United States by enacting the FTCA, under which the federal government is liable for certain torts its agents commit in the course of their employment. The United States is, nevertheless, immune if an exception applies." Hart v. United States, 630 F.3d 1085, 1088 (8th Cir. 2011). "Where the United States has not waived sovereign immunity under the FTCA, the district court lacks subject matter jurisdiction to hear the case." Id. "The FTCA confers subject matter jurisdiction for suits against the United States in 'circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission

occurred.'" Moss v. United States, 895 F.3d 1091, 1097 (8th Cir. 2018)

(quoting FDIC v. Meyer, 510 U.S. 471, 477 (1994)).

The FTCA contains an interconnected statute of limitation and

administrative adjudication requirement.

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after . . . notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

> An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Id. at § 2675(a).

These statutes create the following procedural schedule for FTCA

plaintiffs.

1. The claim must be presented to the federal agency for administrative adjudication within two years of the claim's accrual. Id. at § 2401(b).

2. If the agency does not make a final disposition of a claim within six months, it is deemed denied and the plaintiff *may* file suit in federal court. Id. at §§ 2401(b), 2675(a).

3. If the plaintiff chooses to pursue the administrative adjudication process to its conclusion and the agency denies her claim, she *must* file her suit in federal court within six months of the denial. Id. at § 2401(b).

The FTCA requires plaintiffs to attempt administrative adjudication but leaves to their discretion whether to file suit at six months after the agency receives the claim—under the deemed denial provision—or within six months of the agency's actual final denial of the claim. If a plaintiff chooses to participate in the entire administrative adjudication process, the FTCA sets no time limit on that process.

### B.      Extender statute objection

Plaintiff's first objection argues the two-year limit set by South Dakota's statute of repose was tolled by a separate statute. The magistrate judge concluded this argument failed under controlling South Dakota case law and was contrary to the plain terms of the statute. The court agrees.

The issue arises from South Dakota's medical malpractice statute of repose. The statute states "an action against a [health care professional], whether based upon contract or tort, can be commenced only within two years after the alleged malpractice . . . occurred."[2] SDCL § 15-2-14.1. However, the extender statute suspends "[t]he running of any statute of limitations on a cause of action belonging to a decedent . . . for one year[.]" SDCL § 29A-3-109. Defendant's alleged negligence occurred on May 19, 2015, but plaintiff did not file this suit until May 10, 2018. Plaintiff's suit is untimely under the statute of repose but would be timely if the repose deadline is subject to the extender statute.

---

[2]The parties do not contest that the Fort Meade VA hospital employees allegedly responsible for decedent's fall and subsequent death fit within the types of health care professionals listed in the statute.

A South Dakota Supreme Court case squarely resolves this objection.    In Pitt-Hart v. Sanford USD Med. Ctr., the South Dakota Supreme Court unequivocally affirmed that SDCL § 15-2-14.1 is a statute of repose which "will not be tolled *for any reason*."    878 N.W.2d 406, 413 (S.D. 2016) (quotation omitted) (emphasis in original).   The two-year repose period created by SDCL § 15-2-14.1 cannot be tolled for any reason under Pitt-Hart, including by operation of the extender statute.   Id.   In any case, as the magistrate judge noted, the extender statute by its plain terms applies only to statutes of limitation, not statutes of repose.   SDCL § 29A-3-109 ("The running of any *statute of limitations* . . . .") (emphasis added).

Plaintiff refers the court to her argument in response to defendant's motion to dismiss that the extender statute's use of the term "statute of limitations" should be interpreted to include statutes of repose.   (Docket 16 at pp. 2-6).   She noted the South Dakota Supreme Court used the terms interchangeably on occasion and that "there is no evidence that the South Dakota Legislature used the term 'statute of limitation' in a technical legal sense and intended the statute to suspend statutes of limitation but not statutes of repose[.]"   Id. at p. 3.

It is true "[i]nconsistency has persisted in almost all of [the South Dakota Supreme Court's] decisions involving SDCL 15-2-14.1."   Pitt-Hart, 878 N.W.2d at 413.   This inconsistency motivated the South Dakota Supreme Court in Pitt-Hart to "correct the past practice of referring to SDCL 15-2-14.1 as a statute

7

of limitation in contravention of its status as a statute of repose." Id. at 415-16.

The court will not base its statutory analysis on since-corrected mistakes in past

case law.

The extender statute on its face applies only to statutes of limitation.

SDCL § 29A-3-109. South Dakota courts

> adhere to two primary rules of statutory construction. The first
> rule is that the language expressed in the statute is the paramount
> consideration. The second rule is that if the words and phrases in
> the statute have plain meaning and effect, [courts] should simply
> declare their meaning and not resort to statutory construction.

Winslow v. Fall River Cty., 909 N.W.2d 713, 717 (S.D. 2018) (quotation and

citation omitted). These rules easily lead the court to conclude the extender

statute means what it says and applies only to statutes of limitation. Plaintiff

cites no authority permitting the court to infer the South Dakota Legislature

secretly intended the extender statute to include statutes of repose.

She does cite a principle of South Dakota statutory construction holding

"[w]ords used in the South Dakota Codified Laws are to be understood in their

ordinary sense[.]" Pitt-Hart, 878 N.W.2d at 410 (quoting SDCL § 2-14-1).

Plaintiff does not explain how the court, understanding the words of the statute

in their ordinary sense, is to construe the extender statute's use of the term

statute of limitation to refer to statutes of repose. Aside from being composed of

different words, the two terms refer to entirely different concepts. Id. at 413-14.

The "technical legal sense" of the term statute of limitations is the same as its

ordinary sense in that neither encompass statutes of repose. (Docket 16 at p. 3).

The extender statute does not toll the statute of repose. Plaintiff's objection is overruled, and the R&R is adopted on this point.

## C.    Preemption objection

Plaintiff's second objection concedes the statute of repose would bar her claim but argues the time limitation provisions of the FTCA preempt the statute of repose. (Docket 23 at pp. 4-8). Resolving this objection requires the court to wade into a contested and developing area of FTCA law. After thoroughly surveying the legal landscape on this point, the magistrate judge concluded the South Dakota statute of repose is a substantive state tort law incorporated by the FTCA. (Docket 22 at pp. 18-21, 24-31). The court agrees the statute of repose is a substantive state tort law but concludes it cannot be reconciled with the FTCA's administrative adjudication provisions. The court holds the FTCA preempts the application of the statute of repose to plaintiff's claim.

### 1.    Conflict of authority

Given the importance of this issue both to plaintiff and for FTCA plaintiffs in South Dakota more broadly, the court will outline the competing legal theories on FTCA preemption of state statutes of repose. In general, courts finding no preemption have focused on the FTCA's explicit incorporation of state substantive law. Courts taking the opposite view have emphasized the conflict

between the FTCA's administrative adjudication requirement and state statutes of repose.

The United States Court of Appeals for the Eighth Circuit has not yet determined whether the FTCA preempts state statutes of repose. One appellate court concurrence found preemption. In <u>Kennedy v. United States Veterans Admin.</u>, the Sixth Circuit reversed a district court's order dismissing a FTCA claim because of Ohio's statute of repose. 526 F. App'x 450, 451 (6th Cir. 2013). The majority reasoned Ohio law allowed vested tort claims to survive the repose deadline, avoiding the preemption question. <u>Id.</u> at 455. In concurrence, Judge White would have reversed the district court on preemption grounds, arguing:

> [I]it is clear that Congress intended the administrative process to be the preferred method for resolving tort claims against the federal government and that a plaintiff engaging in that process have six months after the agency denial to evaluate his or her position. Because the Ohio medical-malpractice statute of repose operates in this case to undercut the federal procedure, it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" and thus does not apply under conflict preemption principles.

<u>Id.</u> at 458 (quoting <u>Arizona v. United States</u>, 567 U.S. 387, 399 (2012)). She feared agencies might "delay notices of denial in order to allow the statute of repose to extinguish a plaintiff's claim" if the FTCA did not preempt state statutes of repose. <u>Id.</u> at 458-59. Numerous district courts have followed this view. <u>See</u>, <u>e.g.</u>, <u>Eiswert v. United States</u>, 322 F. Supp. 3d 864, 874 (E.D. Tenn. 2018); <u>Romero v. United States</u>, No. CIV 17-0130, 2018 WL 1363833, at *16

(D.N.M. Mar. 15, 2018); <u>John Doe VE v. United States</u>, Case No. 17-2331, 2017 WL 4516864, at *3 (D. Kan. Oct. 10, 2017); <u>A.J.J.T. v. United States</u>, No. 3:15-cv-1073, 2016 WL 3406138, at *3-5 (M.D. Tenn. June 21, 2016).

One district court in the Eighth Circuit, developing the analysis later supported by Judge White's concurrence in <u>Kennedy</u>, concluded "the FTCA's administrative filing requirement and statute of limitations preempt[ed]" Missouri's medical malpractice statute of repose.  <u>Ziehr v. United States</u>, Case No. 10-00299, 2011 WL 13291655, at *2 (W.D. Mo. June 17, 2011); <u>but see</u> <u>Allen v. United States</u>, Case No. 4:16-CV-607, 2017 WL 1355492, at *2-3 (E.D. Mo. Apr. 13, 2017) (finding no preemption and applying Missouri medical malpractice statute of repose).  The court in <u>Ziehr</u> documented the 1966 amendment to the FTCA which added the administrative adjudication requirement, concluding "[i]t is clear that by adding the administrative filing requirement Congress changed the way that claims against the United States were to commence. . . . Congress wanted claimants to exhaust their administrative remedies before . . . bringing the issue to the courts."  <u>Ziehr</u>, 2011 WL 13291655 at *2.  The private person analogue did not persuade the court to conclude the FTCA incorporated Missouri's statute of repose because the FTCA "also requires claims to begin with agencies, not courts," a requirement not applicable to private parties in Missouri.  <u>Id.</u> at *3.

One Court of Appeals rejected the preemption argument on facts analogous to this case and three have less definitively adopted that position.

11

See Augutis v. United States, 732 F.3d 749 (7th Cir. 2013); Huddleston v. United

States, 485 F. App'x 744 (6th Cir. 2012); Anderson v. United States, 669 F.3d

161 (4th Cir. 2011); Smith v. United States, 430 F. App'x 246 (5th Cir. 2011).[3]

The most recent of these cases, Augutis, is also the authority most squarely

addressing the preemption question.   In Augutis, the plaintiff timely filed his

administrative claim and timely filed suit in federal district court.   732 F.3d at

751.   The district court dismissed the case because it was filed outside the

Illinois repose period.   Id. at 752.   In affirming the judgment, the Seventh

Circuit noted Illinois courts construed the statute at issue as a statute of repose

creating "a substantive limit on liability, not a procedural bar to suit."   Id. at

753.   Relying on this distinction, the court held "[t]he FTCA does not expressly

preempt state statutes of repose, nor does it impliedly preempt state substantive

law; to the contrary, it expressly incorporates it."   Id. at 754.   It further noted

the plaintiff could "have satisfied the requirements" of both the FTCA and the

Illinois statute of repose, creating "no conflict between state and federal law[.]"

Id.   Although acknowledging the plaintiff's choice to "continue pursuing his

administrative claim . . . extinguish[ed] his nascent federal claim," the court

---

[3]In Huddleston, the plaintiff did not file his administrative claim within the
repose deadline and the Sixth Circuit left open the question whether his claim
would have survived the statute of repose if it were timely presented to the
agency.   485 F. App'x at 746.   In Anderson, the Fourth Circuit suggested, but
did not hold, a Maryland statute could bar an FTCA claim.   669 F.3d at 164-65.
It certified a question to the Court of Appeals of Maryland to determine whether
the statute was one of repose or limitations.   Id. at 162.   And in Smith, a four
paragraph per curiam opinion, the Fifth Circuit merely applied the Texas statute
of repose without any preemption analysis.   430 F. App'x. at 246-47.

evidently did not consider that outcome to be a conflict between state and federal law.  Id.  The court did not otherwise examine the FTCA's administrative adjudication provisions.  It instead applied the Illinois statute of repose, determining a private person would not be liable in like circumstances and barring the FTCA claim.  Id. at 755.

## 2. Preemption law

"The Supremacy Clause invalidates state laws that interfere with, or are contrary to, federal law."  Qwest Corp. v. Minn. Pub. Utils. Comm'n., 684 F.3d 721, 726 (8th Cir. 2012) (citations and quotations omitted).  "Conflict preemption occurs when compliance with both federal and state laws is impossible, and when a state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' "[4]  Keller v. City of Fremont, 719 F.3d 931, 940 (8th Cir. 2013) (quoting Arizona, 567 U.S. at 399)).  "What is a sufficient obstacle is a matter of judgment, to be informed by examining the federal statute as a whole and identifying its purpose and intended effects[.]"  Crosby v. Nat'l. Foreign Trade Council, 530 U.S. 363, 373 (2000).  "In preemption analysis, courts should assume that the historic police powers of the States are not superseded unless that was the clear and manifest purpose of Congress."  Arizona, 567 U.S. at 400 (internal quotations omitted).  "The case for federal pre-emption is particularly weak where Congress has

---

[4]The parties do not argue the other types of preemption—field preemption and express preemption—apply to this case.  See Murphy v. Nat'l. Collegiate Athletic Ass'n., 138 S. Ct. 1461, 1480-81 (2018) (explaining the three types of preemption).  The court limits its analysis only to conflict preemption.

indicated its awareness of the operation of state law in a field of federal interest, and has nonetheless decided to stand by both concepts and to tolerate whatever tension there is between them." CTS Corp. v. Waldburger, 573 U.S. 1, 18 (2014) (quoting Wyeth v. Levine, 555 U.S. 555, 575 (2009)).

### 3.    FTCA preempts South Dakota statute of repose

The court distills the following principles from the authority discussed above:

1.    South Dakota's statute of repose is a substantive limit on liability for torts originating in medical malpractice. CTS Corp., 573 U.S. at 16-17 ("A statute of repose can be said to define the scope of the cause of action, and therefore the liability of the defendant."); Pitt-Hart, 878 N.W.2d at 413 ("[S]tatutes of repose are substantive, not merely semantic.") (citation omitted).

2.    The FTCA expressly incorporates state substantive tort law through the private person analogue provisions. 28 U.S.C. §§ 1346(b)(1), 2674; Moss, 895 F.3d at 1097.

3.    The FTCA also requires plaintiffs to undergo at least six months of administrative adjudication before filing in federal court and is intended to encourage administrative resolution of tort claims. 28 U.S.C § 2401; McNeil v. United States, 508 U.S. 106, 112 n.7 (1993).

4.    A state law that obstructs the purposes of Congress is impliedly preempted. Arizona, 567 U.S. at 399. Courts determine if such obstruction exists by reference to congressional intent. Crosby, 530 U.S. at 373.

These principles lead the court to reject the magistrate judge's conclusion the FTCA does not preempt South Dakota's statute of repose.

To begin, the magistrate judge correctly concluded South Dakota's statute of repose is a substantive state tort law. (Docket 22 at pp. 11-14). Plaintiff's

14

argument to the contrary is unpersuasive and wholly contradicted by South Dakota case law. (Docket 23 at pp. 4-5) (arguing the "fundamental flaw" in the R&R is "the conflation of the concepts of substantive law and procedural law."). Ordinarily, the FTCA incorporates state substantive tort law. 28 U.S.C. §§ 1346(b)(1), 2674; Moss, 895 F.3d at 1097. However, the clash between South Dakota's statute of repose and the FTCA's administrative adjudication requirement necessitates an implied conflict preemption analysis before the court can conclude the FTCA incorporates the statute of repose. It is here the court disagrees with the R&R.

The magistrate judge concluded no absolute conflict existed between the statute of repose and the FTCA's administrative adjudication provisions because a plaintiff can comply with both. (Docket 22 at p. 28). It is certainly true that a South Dakota FTCA plaintiff in the abstract can comply with both. The statute of repose sets a two-year deadline and the FTCA's administrative adjudication requirement only subtracts six months from that total. However, the facts of this case show the illusory nature of that possibility. The decedent here was injured by the VA's alleged malpractice on May 19, 2015, and passed away on June 3, 2016.[5] Plaintiff was appointed administrator of decedent's estate on May 9, 2017, a mere ten days before the two-year period the FTCA allows for

_____

[5]"[I]n medical malpractice cases, the [FTCA] claim accrues when the plaintiff actually knew, or in the exercise of reasonable diligence should have known, the cause and existence of his injury." Motley v. United States, 295 F.3d 820, 822 (8th Cir. 2002). Plaintiff does not contest that her claim accrued on May 19, 2015.

15

claimants to file their administrative claim expired.   The repose period likewise

expired on May 19, 2017, while plaintiff was just beginning her mandatory

administrative adjudication.   She could not have maintained her wrongful

death FTCA claim and complied with the statute of repose.[6]   As plaintiff's

experience illustrates, applying the statute of repose would convert the FTCA's

administrative adjudication provisions into a trap, requiring all but the most

diligent wrongful death plaintiffs to undergo adjudication which would inevitably

result in the barring of their claims if a settlement was not reached.

For plaintiff, this is a case "where compliance with both federal and state

regulations [was] a physical impossibility," but the court acknowledges some

plaintiffs may be able to comply with both statutes.   Arizona, 567 U.S. at 399.

The court therefore must determine whether incorporating the South Dakota

statute of repose "stands as an obstacle to the accomplishment and execution of

the full purposes and objectives" of the FTCA's administrative adjudication

requirement.   Id.

Looking to the "purpose and intended effects" of the administrative

adjudication requirement, the court cannot conclude Congress intended this

result when it added the requirement to the FTCA in 1966.   Crosby, 530 U.S. at

---

[6]The record contains no information regarding plaintiff's diligence in
pursuing appointment as the administrator of decedent's estate.   The court
does not believe the 11-month period between decedent's death and plaintiff's
appointment as estate administrator indicates any blameworthy tardiness.   In
fact, the frequently lengthy process of gaining control over a decedent's
estate—and acquiring the concomitant right to bring a wrongful death suit—will
inevitably further delay all FTCA wrongful death plaintiffs, pushing many past
the repose deadline.

373.   FTCA plaintiffs must adjudicate their claim administratively for at least

six months.   28 U.S.C. §§ 2401(b), 2675(a).   The statute encourages plaintiffs

to remain in the administrative process by allowing them to bring their claims in

federal court at any time within six months of "notice of final denial of the claim

by the agency"—no matter how long the agency takes to adjudicate the claim.

Id. at § 2401(b).   Importing the statute of repose into this scheme directly upsets

Congress' choice to encourage administrative adjudication.   Under defendant's

theory of the case, plaintiffs are strongly encouraged to cut short the

administrative process at the six-month mark in order to avoid the statute of

repose.   The court cannot endorse a theory which harmonizes the FTCA's

incorporation of substantive state tort law and its administrative adjudication

requirements by penalizing plaintiffs who take up Congress' invitation to engage

in lengthy settlement negotiations at the agency level.   Defendant's theory

presents a serious obstacle to Congress' encouragement of administrative

adjudication.

The legislative history of the 1966 FTCA amendment, for those who

consider it, confirms the court's statutory interpretation.   In the Supreme

Court's telling,

> the Department of Justice proposed that Congress amend the FTCA
> to "requir[e] all claims to be presented to the appropriate agency for
> consideration and possible settlement before a court action could be
> instituted. This procedure would make it possible for the claim first
> to be considered by the agency whose employee's activity allegedly
> caused the damage. That agency would have the best information
> concerning the activity which gave rise to the claim. Since it is the
> one directly concerned, it can be expected that claims which are

17

> found to be meritorious can be settled more quickly without the
> need for filing suit and possible expensive and time-consuming
> litigation."
>
> The Senate Judiciary Committee further noted that "the
> improvements contemplated by [the 1966 amendments] would not
> only benefit private litigants, but would also be beneficial to the
> courts, the agencies, and the Department of Justice itself."

McNeil, 508 U.S. at 112 n.7 (quoting S. Rep. No. 89-1327, at 2-3 (1966)).

Adopting defendant's theory would undercut Congress' purpose of encouraging

settlement of meritorious claims and avoiding litigation.   In fact, it encourages

the opposite, incentivizing plaintiffs to rush their cases to federal court at the

earliest opportunity.

Moreover, medical malpractice claims are among the most complex and

time-consuming actions in FTCA litigation.   The claimant must fully investigate

the alleged medical malpractice, must compile years of medical records, and

must retain one or more medical experts specializing in the field of medical care

at issue.   All this must be accomplished by the claimant before or during the

FTCA administrative adjudication phase.   Likewise, the responding agency

must independently develop this information in order to settle or deny the FTCA

administrative claim.   These realities, well understood by any attorney

competent to practice FTCA medical malpractice law, will often extend agency

proceedings past the mandatory six months.   Under defendant's theory, many

medical malpractice cases would lose the benefit of administrative adjudication

because plaintiffs would need to cut the agency proceedings short and file in

federal court to avoid the repose deadline.   The court cannot reconcile these

practical consequences of defendant's theory with Congress' choice to encourage

administrative adjudication.

The Supreme Court's oft-expressed presumption against implied

preemption of "the historic police powers of the States" does not dislodge the

court's statutory analysis.   See Arizona, 567 U.S. at 400.   Tort law is a

traditional state law concern, which would seem to invoke the presumption at its

height.   CTS Corp., 573 U.S. at 19.   However, state tort law traditionally had no

place in suits against the United States, due to sovereign immunity.   Rayonier

Inc. v. United States, 352 U.S. 315, 319 (1957) ("[T]he very purpose of the Tort

Claims Act was to waive the Government's traditional all-encompassing

immunity from tort actions[.]").   The court is considering how to resolve the

conflict between Congress' choice to incorporate state tort law and its choice to

encourage administrative resolution of tort claims, which are federal matters.

When this precise issue is more specifically framed, it is much less clear that the

presumption against preemption carries significant weight.   Even if the

presumption applies with full force, the court holds it is rebutted by the

insuperable conflict between South Dakota's statute of repose and the FTCA's

administrative adjudication provisions.   The presumption cannot lead the court

to penalize FTCA plaintiffs for complying with federal law.

In holding the FTCA did not preempt the South Dakota statute of repose,

the magistrate judge concluded the FTCA's administrative adjudication

provisions were not "so important to the objective of the statute as a whole that

19

[they] should displace any substantive state statute of repose with which [they] might conflict." (Docket 22 at p. 28). The court's statutory analysis does not support this theory. There is no need to elevate the FTCA's private person analogue over its administrative adjudication requirement to resolve a conflict engendered by a state statute of repose. The conflict can be resolved without doing violence to Congress' intent in crafting both parts of the FTCA by preempting the incorporation of the state statute. See Food & Drug Admin. v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 133 (2000) ("A court must . . . interpret the statute as a symmetrical and coherent regulatory scheme and fit, if possible, all parts into a harmonious whole.") (quotations and citations omitted).

The magistrate judge also noted allowing the plaintiff to proceed with her suit would "completely defeat[]" the purpose of the state statute of repose. (Docket 22 at p. 31). True enough, but the purpose of the *state* statute is of lesser concern in a preemption analysis. The purpose of the *federal* statute controls, because that purpose determines whether the state statute constitutes a sufficient obstacle to merit preemption. Arizona, 567 U.S. at 399-400. Here, one key purpose of the FTCA is to require plaintiffs to undergo at least six months of administrative adjudication and encourage them to stick with the administrative process through its conclusion, no matter how long that might take. That purpose is severely and fatally undermined by the South Dakota

statute of repose.   The court must uphold the federal purpose where, as here, it is in conflict with a state statute.

The magistrate judge relied on CTS Corp., a case holding an express preemption provision in the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") did not preempt North Carolina's general tort statute of repose.   573 U.S. at 5-7.   The Supreme Court concluded the express preemption provision, which referred only to statutes of limitation, did not preempt state statutes of repose.   Id. at 18.   The FTCA does not expressly preempt either statutes of limitation or repose, making CTS Corp. an inexact fit for this case, where the primary question is whether importing the statute of repose obstructs Congress' purpose expressed in the FTCA's administrative adjudication provision.   Nevertheless, the Court reiterated there its reminder that "[t]he case for federal pre-emption is particularly weak where Congress has indicated its awareness of the operation of state law in a field of federal interest, and has nonetheless decided to stand by both concepts and to tolerate whatever tension there [is] between them."   Id.

The court might agree with the magistrate judge's reliance on CTS Corp. if only tension existed between the statute of repose and the FTCA's administrative adjudication provision.   The facts of this case show that the interplay between these two statutes is more aptly described as open conflict.   Under defendant's theory, plaintiff's compliance with the FTCA's administrative requirements doomed her case from the outset.   While Congress may have intended to tolerate

21

some tension between state substantive tort law and the FTCA, the court cannot conclude Congress intended to allow state law to eviscerate the administrative adjudication provision. The better approach is to give full effect to the administrative adjudication provision by holding it preempts South Dakota's statute of repose to the extent the two conflict. The court concludes applying the statute of repose would create "an obstacle to the accomplishment of the full purposes and objectives of Congress[.]" Arizona, 567 U.S. at 399.

Plaintiff's objection is sustained.

## IV. Conclusion

The court holds the FTCA preempts South Dakota's statute of repose to the extent that statute curtails plaintiff's FTCA claim. Plaintiff alleges the negligence causing the decedent's death occurred on May 19, 2015. (Docket 1 at ¶ 19). Plaintiff filed her administrative claim on May 17, 2017, within the two-year period provided by the FTCA. Id. at ¶ 10. The VA failed to act on plaintiff's administrative claim within six months and she accordingly brought this action. As plaintiff's case was timely brought under the FTCA and that statute preempts the South Dakota statute of repose, the court holds the United States' waiver of sovereign immunity created by the FTCA applies to this case. The court has subject matter jurisdiction.

## ORDER

For the reasons given above, it is

ORDERED that plaintiff's objections to the report and recommendation (Docket 23) are overruled in part and sustained in part.

IT IS FURTHER ORDERED that the report and recommendation (Docket 22) is adopted in part and rejected in part, as described in this order.

IT IS FURTHER ORDERED that defendant's motion to dismiss the complaint (Docket 7) is denied.

Dated March 31, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE
